UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-01035-CAS(AJWx) | Date | June 19, 2014 |
|---|---|---|---|
| Title | A.H. V. PARAMOUNT UNIFIED SCHOOL DISTRICT, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant | |
| Not present | | Not present | |

**Proceedings:** (In Chambers:) MOTION TO DISMISS (Dkt. #13, filed April 17, 2014)

(In Chambers:) MOTION TO DISMISS (Dkt. #14, filed April 17, 2014)

(In Chambers:) MOTION TO DISMISS (Dkt. #15, filed April 17, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of June 30, 2014, is vacated, and the matter is hereby taken under submission.

## I.     INTRODUCTION AND BACKGROUND

Plaintiff A.H., a minor, filed this action on February 20, 2014, against defendants Paramount Unified School District (the "School District"), David Verdugo, Morrie Kosareff, T.H. (a minor), and Does 1 through 10. Dkt. #3. The complaint asserts the following claims for relief: (1) violation of civil rights under 42 U.S.C. § 1983; (2) negligence; (3) premises liability; (4) breach of contract; (5) breach of the covenant of good faith and fair dealing; (6) intentional infliction of emotional distress; (7) battery; and (8) defamation.

In brief, plaintiff alleges that, on June 22, 2010, he was a 13 year-old student at Paramount West High School ("PWHS"), located within the School District. Verdugo is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-01035-CAS(AJWx) | Date | June 19, 2014 |
|---|---|---|---|
| Title | A.H. V. PARAMOUNT UNIFIED SCHOOL DISTRICT, ET AL. | | |

alleged to be the superintendent of the School District, Kosareff is alleged to be the principal of PWHS, and T.H. is alleged to have been one of A.H.'s fellow students at PWHS. Plaintiff further contends that, on June 22, 2010, he was stabbed by T.H. while on the PWHS campus.

The School District, Verdugo, and Kosareff moved to dismiss the complaint on April 17, 2014, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. #'s 13-15. The hearing on the motions to dismiss was previously scheduled for May 19, 2014. Based on a stipulation of the parties, the hearing was continued to June 30, 2014. Dkt. #20. Pursuant to that same stipulation, plaintiff's opposition was due on June 2, 2014. Id. As of this date, no opposition has been filed. After considering the parties' arguments, the Court finds and concludes as follows.

**II.   LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-01035-CAS(AJWx) | Date | June 19, 2014 |
|---|---|---|---|
| Title | A.H. V. PARAMOUNT UNIFIED SCHOOL DISTRICT, ET AL. | | |

(2009); Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-01035-CAS(AJWx) | Date | June 19, 2014 |
| Title | A.H. V. PARAMOUNT UNIFIED SCHOOL DISTRICT, ET AL. | | |

### III.   DISCUSSION

#### A.   Plaintiff's Claim Pursuant to 42 U.S.C. § 1983

Plaintiffs' only federal claim arises under 42 U.S.C. § 1983 ("Section 1983").[1] In support of this claim, plaintiff alleges that the School District, Verdugo, and Kosareff "failed to provide adequate and necessary security on [the PWHS] campus." Compl. ¶ 46. Plaintiff further avers that, as a result of this alleged failure, plaintiff was deprived of his rights under the California Constitution and California statutory law to attend safe schools that provide an environment that is fit for learning. Compl. ¶¶ 49-50.

Defendants argue that this claim fails because it is not grounded in a violation of federal law. The Court agrees. 42 U.S.C. § 1983 provides that a plaintiff may seek relief for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." "Section 1983 limits a federal court's analysis to the deprivation of rights secured by the federal 'constitution and laws.'" Lovell ex rel. Lovell v. Poway Unified School Dist., 90 F.3d 367, 370 (9th Cir. 1996). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id. Here, plaintiff's Section 1983 claim alleges violations of rights secured by the California Constitution and the California Education Code. Compl. ¶¶ 38-56. Accordingly, the Court finds that the complaint fails to state a claim under Section 1983.

#### B.   Plaintiff's Claims Arising Under State Law

As stated above, the complaint fails to state a federal claim. Additionally, the Court appears to lack subject matter jurisdiction based on diversity of citizenship. In this regard, plaintiff alleges that he, as well as defendants Verdugo and Kosareff, reside in

---

[1] Defendants appear to raise various jurisdictional arguments, pursuant to Rule 12(b)(1), in support of their contention that plaintiff's state law claims should be dismissed. Since the Court reserves judgment as to whether it should exercise supplemental jurisdiction over plaintiff's state law claims, the Court need not address these arguments at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-01035-CAS(AJWx) | Date | June 19, 2014 |
| Title | A.H. V. PARAMOUNT UNIFIED SCHOOL DISTRICT, ET AL. | | |

California, and that the School District is also located in California. Compl. ¶¶ 11-14.[2] The Court reserves judgment as to whether it will exercise supplemental jurisdiction over plaintiffs' remaining state law claims until plaintiff has had an opportunity to replead his Section 1983 Claim.

## IV.   CONCLUSION

In accordance with the foregoing, defendants' motions to dismiss are hereby GRANTED with regard to plaintiff's first claim for relief. The Court RESERVES JUDGMENT on defendants' motions to dismiss as to plaintiff's state law claims. Plaintiff shall have leave to file an amended complaint no later than **July 2, 2014**, to correct the deficiencies in the Section 1983 claim identified herein. Failure to do so may result in dismissal of this claim with prejudice. Plaintiff may not add new claims not present in this complaint.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[2] The complaint also asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 2201. The Court lacks subject matter jurisdiction under 28 U.S.C. § 1343 because, as stated above, the complaint does not allege the "deprivation . . . of any right, privilege, or immunity secured by the Constitution of the United States," or by any "Act of Congress." See 28 U.S.C. § 1343(a)(3)-(4). Additionally, 28 U.S.C. § 2201 "does not confer an independent basis of jurisdiction on the federal court." Alton Box Bd. v. Esprit de Corp., 682 F.2d 1267, 1274 (9th Cir. 1982).