UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'   JS-6

| Case No. | 2:14-cv-01035-CAS(AJWx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | A. H. V. PARAMOUNT UNIFIED SCHOOL DISTRICT, ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Fred Dorton, Jr. (By Telephone) | James Andrade |

**Proceedings:**  MOTION TO DISMISS (Dkt. #13, filed April 17, 2014 and Dkt. #29, filed July 28, 2014)

MOTION TO DISMISS (Dkt. #14, filed April 17, 2014 and Dkt. #30, filed July 28, 2014)

MOTION TO DISMISS (Dkt. #15, filed April 17, 2014)

## I.    INTRODUCTION AND BACKGROUND

Plaintiff A.H., a minor, filed this action on February 20, 2014, against defendants Paramount Unified School District ("PUSD"), David Verdugo, Morrie Kosareff, T.H. (a minor), and Does 1 through 10.  Dkt. #3.  The initial complaint asserted claims under California law, as well as a single claim arising under 42 U.S.C. § 1983.  Id.  Defendants moved to dismiss the initial complaint on April 17, 2014.  Dkt. #'s 13-15.  By order dated June 19, 2014, the Court granted defendants' motions to dismiss, with leave to amend, as to plaintiff's Section 1983 claim.  Dkt. #24.  The Court reserved ruling on defendant's motions as to plaintiff's state law claims.  Id.  Plaintiff filed a first amended complaint ("FAC") on July 2, 2014, which asserts an amended claim under Section 1983.  Dkt. #25.  The FAC also asserts claims under California law for negligence, premises liability, breach of contract, breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, battery, and defamation.  Id.

In brief, the FAC alleges that, on June 22, 2010, plaintiff was a 13-year-old student at Paramount West High School ("PWHS"), located within the PUSD.  FAC ¶¶ 1-3.  Verdugo is alleged to be the superintendent of the School District, Kosareff is alleged to be the principal of PWHS, and T.H. is alleged to have been one of A.H.'s fellow students

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:14-cv-01035-CAS(AJWx) | Date | August 11, 2014 |
| Title | A. H. V. PARAMOUNT UNIFIED SCHOOL DISTRICT, ET AL | | |

at PWHS. Id. ¶¶ 2, 10-14. Plaintiff alleges that, on June 22, 2010, he was stabbed by T.H. while on the PWHS campus. FAC ¶¶ 18-19.

After plaintiff filed the FAC, the Court directed the parties to file supplemental briefs as to whether plaintiff's amended Section 1983 claim states a claim on which relief can be granted. Dkt. #28. Defendants filed supplemental briefs on July 28, 2014, dkt. #'s 29-30, and plaintiff responded on August 4, 2014, dkt. #'s 34-35. The Court held a hearing on August 11, 2014, and thereafter took this matter under submission. After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | 'O'   JS-6 |
|---|---|---|
| Case No. | 2:14-cv-01035-CAS(AJWx) | Date   August 11, 2014 |
| Title | A. H. V. PARAMOUNT UNIFIED SCHOOL DISTRICT, ET AL | |

that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.  ANALYSIS

### A.  Plaintiff's Claim Under Section 1983

Section 1983 provides a right of action for "deprivation of any rights, privileges, or immunities" secured by the United States Constitution or federal law. 42 U.S.C. § 1983; Lovell ex rel. Lovell v. Poway Unified School Dist., 90 F.3d 367, 370 (9th Cir. 1996). Plaintiff's amended claim under 42 U.S.C. § 1983 is predicated on a violation of 20 U.S.C. § 7912, which is entitled the "Unsafe school choice option." Section 7912 was passed as part of the No Child Left Behind Act ("NCLBA"). See Pub. L. 107-110, Title

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'     JS-6

| Case No. | 2:14-cv-01035-CAS(AJWx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | A. H. V. PARAMOUNT UNIFIED SCHOOL DISTRICT, ET AL | | |

IX § 901.[1]  It states:

> (a) Unsafe school choice policy
>
> Each State receiving funds under this chapter shall establish and implement a statewide policy requiring that a student attending a persistently dangerous public elementary school or secondary school, as determined by the State in consultation with a representative sample of local educational agencies, or who becomes a victim of a violent criminal offense, as determined by State law, while in or on the grounds of a public elementary school or secondary school that the student attends, be allowed to attend a safe public elementary school or secondary school within the local educational agency, including a public charter school.
>
> (b) Certification
>
> As a condition of receiving funds under this chapter, a State shall certify in writing to the Secretary that the State is in compliance with this section.

Here, plaintiff alleges that defendants violated 20 U.S.C. § 7912 by depriving him of his right to transfer to a safe school following the alleged stabbing.  FAC ¶ 59.  Defendants respond that plaintiff's claim fails because Section 7912 does not create a federal right that is actionable under Section 1983.

---

[1] While passed as part of the NCLBA, Section 7912 amends the Elementary and Secondary Education Act of 1965, Pub. L. 89-10, Title IX § 9532.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | 'O'   JS-6 |
|---|---|---|
| Case No. | 2:14-cv-01035-CAS(AJWx) | Date    August 11, 2014 |
| Title | A. H. V. PARAMOUNT UNIFIED SCHOOL DISTRICT, ET AL | |

  The Court agrees with defendants.[2] "[T]he Supreme Court has developed a three-prong framework [known as the "Blessing test"] for 'determining whether a particular statutory provision gives rise to a federal right' redressable via [Section] 1983." Ball v. Rodgers, 492 F.3d 1094, 1104 (9th Cir. 2007) (quoting Blessing v. Freestone, 520 U.S. 329, 340 (1997)).  First, courts must consider whether "Congress . . . intended that the provision in question benefit the plaintiff." Id.  Second, courts should consider whether the plaintiff has demonstrated that "the right assertedly protected by the statute is not so vague and amorphous that its enforcement would strain judicial competence." Ball, 492 F.3d at 1104.  Finally, the statute must "unambiguously impose a binding obligation on the States" such that the statute creating the right is "couched in mandatory, rather than precatory terms." Id.

  Even if a statute initially passes muster under the Blessing test, it must also reflect an "'unambiguous' intent to confer individual rights." Gonzaga Univ. v. Doe, 536 U.S. 273, 280 (2002) (citing Pennhurst State Sch. and Hosp. v. Halderman, 451 U.S. 1, 28 (1981)).  It is insufficient that the plaintiff "falls within the general zone of interest that the statute is intended to protect." Id. at 283.  In determining whether a statute reflects an "unambiguous intent" to confer individual rights, the Supreme Court directs that courts look to the statute's "text and structure." Id. at 286.  Applying this standard, the Ninth Circuit has held that "[a] statutory provision that refers to the individual only in the context of describing the necessity of developing state-wide policies and procedures . . . does not reflect a clear Congressional intent" to create individual rights enforceable under § 1983.  Sanchez v. Johnson, 416 F.3d 1051, 1059 (9th Cir. 2005).

  No court has addressed whether Section 7912 gives rise to a federal right.  However, every court that has considered whether other provisions of the NCLBA are actionable under Section 1983 has answered this question in the negative.  See, e.g.,

---

  [2] In Horne v. Flores, 557 U.S. 433, 457 n.6 (2009), the Supreme Court noted in passing, in the context of a lawsuit alleging violations of the Equal Educational Opportunities Act, that the NCLBA is "enforceable only by the agency charged with administering it."  This statement from the Supreme Court, though arguably dictum, provides strong support for the conclusion that Section 7912 is not enforceable through a Section 1983 action.  In an abundance of caution, the Court nonetheless analyzes Section 7912 under the relevant framework for determining whether a statute gives rise to a federal right.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'    JS-6

| Case No. | 2:14-cv-01035-CAS(AJWx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | A. H. V. PARAMOUNT UNIFIED SCHOOL DISTRICT, ET AL | | |

Newark Parents Assoc. v. Newark Pub. Schs., 547 F.3d 199, 209 (3d Cir. 2008); Assoc. of Comty. Orgs. for Reform Now v. N.Y. City Dep't of Educ., 269 F. Supp. 2d 338, 343 (S.D.N.Y. 2003); Blakely v. Wells, 380 Fed. App'x 6, 8 (2d Cir. May 28, 2010) (noting that the NCLBA "does not provide a private right of action").

In Newark, the Third Circuit considered whether the "Notice and Supplemental Educational Services Provisions" of the NCLBA give rise to a federal right enforceable through Section 1983. The Third Circuit summarized these provisions as follows:

> the Act's notice provision (20 U.S.C. § 6316(b)(6)) states that in the event a school is identified for "improvement," "corrective action," or "restructuring," the local educational agency "shall promptly provide to a parent or parents" a number of explanations, see 20 U.S.C. § 6316(b)(6), including an explanation of "the parents' option to transfer their child to another public school . . . or to obtain supplemental educational services for the child," id. § 6316(b)(6)(F). In addition, under 20 U.S.C. § 6311(h)(6), at the beginning of each school year, and regardless of whether the school is identified as in need of improvement, "a local educational agency that receives funds under this part shall notify the parents of each student attending any school receiving funds under this part that the parents may request, and the agency will provide the parents on request . . . , information regarding the professional qualifications of the student's classroom teachers." Id. § 6311(h)(6)(A). [Additionally,] 20 U.S.C. § 6316(e)(1)-(2) . . . states that in the event a school is identified for "improvement," "corrective action," or "restructuring," "the local educational agency serving such school shall . . . arrange for the provision of supplemental educational services to eligible children in the school from a provider with a demonstrated record of effectiveness, that is selected by the parents." Id. § 6316(e)(1).

Newark, 547 F.3d at 209 (all but penultimate modification in original). Analyzing these provisions under the Blessing framework, the Third Circuit found that Congress intended these provisions to benefit the appellants, who were parents of students attending schools covered by the NCLB. Id. at 210. The court also found that the rights sought to be enforced were specific, rather than vague and amorphous, and that the obligation imposed on the State through these provisions is "unambiguous and binding." Id. (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:14-cv-01035-CAS(AJWx) | Date | August 11, 2014 |
| Title | A. H. V. PARAMOUNT UNIFIED SCHOOL DISTRICT, ET AL | | |

     Nonetheless, the Third Circuit found that these provisions did not contain unambiguous "rights-creating language." Id. at 210. The court noted that, "[i]n the NCLBA, there are two subjects: the primary subject is always the State and the 'local educational agency,' while 'the parents of each student' are the secondary subject-they benefit from the provision only as a result of regulation imposed upon the State and its actors." Id. The court went on to say that "the focus of the NCLBA is on the entity regulated and is at least one step removed from the interests of individual students and parents." Id. Finally, the court noted that the NCLBA "speaks in terms of an 'agreement between Congress and a particular state," and that the "NCLBA's general appropriations and enforcement provisions also evince an agreement between Congress and the States, rather than the creation of individual rights." Id. at 212. Based on the overall structure of the NCLBA, as well as the "less-than rights-creating language" used in the specific provisions of the NCLBA at issue, the Third Circuit concluded that "Congress did not intend to confer enforceable individual rights" under those provisions. Id. at 212.

     Here, for substantially the same reasons stated in Newark, the Court concludes that Section 7912 does not confer a federal right to transfer to a different school that is enforceable through Section 1983. First, the Newark court's analysis regarding the overall structure of the NCLBA applies equally here; the NCLBA speaks in terms of an agreement between Congress and the states, and not the creation of individual rights. Second, Section 7912 does not contain unambiguous "rights-creating" language because "the primary subject is always the State," while the student is the "secondary subject." See Newark, 547 F.3d at 210.[3] In this regard, Section 7912 instructs "[e]ach State receiving funds under this chapter" to establish a plan for transferring a victim of a violent criminal offense to another school. See 20 U.S.C. § 7912. The student victim is the "secondary subject" who "benefit[s] from the provision only as a result of regulation imposed upon the State and its actors." See Newark, 547 F.3d at 210. Statutes such as these, that "refer[] to the individual only in the context of . . . state-wide policies and

---

    [3] The Court acknowledges that plaintiff appears to be an intended beneficiary of Section 7912, the statute is phrased in terms that are not vague or amorphous, and it is phrased in mandatory terms. See Blessing, 520 U.S. at 340. However, as noted above, these three considerations merely demonstrate that the plaintiff falls within the "zone of interest that the statute is intended to protect." See Gonzaga, 536 U.S. at 283. In order to be actionable under Section 1983, a statute must also manifest an unambiguous congressional intent to create a federal right.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:14-cv-01035-CAS(AJWx) | Date | August 11, 2014 |
| Title | A. H. V. PARAMOUNT UNIFIED SCHOOL DISTRICT, ET AL | | |

procedures," do not create federal rights enforceable under Section 1983. For these reasons, the Court concludes that Section 7912 does not evince a "clear Congressional intent" to create a federal right. The Court accordingly finds that the FAC fails to state a claim under Section 1983 based on a violation of Section 7912. Moreover, since the Court previously granted plaintiff leave to amend his claim under Section 1983, the Court finds that this claim should now be dismissed without leave to amend.

Plaintiff resists this conclusion on the grounds that the provisions of the NCLBA constitute a contract between PWHS school officials and the federal government. According to plaintiff, the breach of that contract, through a violation of Section 7912, gives rise to a federal question. This argument misses the mark. "In order to seek redress through [Section] 1983, . . . a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." Blessing, 520 U.S. at 340 (emphasis in original). Regardless of whether defendants have violated Section 7912, plaintiff may not seek redress for such a violation through a Section 1983 action because Section 7912 does not give rise to a federal right.

### B.    Plaintiff's Claims Arising Under State Law

As stated above, plaintiff's only federal claim arises under Section 1983. However, at oral argument, plaintiff stated that he had amended his claim for breach of contract in the FAC, and that, as a result of the amendment, this claim also arises under federal law. Thus, plaintiff argued that this Court would have original subject matter jurisdiction over this action, even if the Section 1983 claim were dismissed. This argument fails for two reasons. First, plaintiff never received leave of Court to amend his breach of contract claim. Rather, the Court granted plaintiff leave to amend his initial complaint for the sole purpose of "correct[ing] the deficiencies in the Section 1983 claim" identified in the Court's order dated June 19, 2014. See Dkt. #24. Accordingly, the Court finds that plaintiff's amended breach of contract claim should be stricken.

Moreover, even if the claim were not stricken, it fails to state a claim arising under federal law. The crux of plaintiff's breach of contract claim is that the NCLBA, having been enacted pursuant to the Spending Clause, constitutes a contract between defendants and the federal government. FAC ¶¶ 137-65. According to plaintiff, this contract conditions the receipt of federal funds on defendants taking certain actions, including furnishing students with the opportunity to transfer to a safer school pursuant to 20 U.S.C. § 7912. Id. The Court finds these contentions unpersuasive. As an initial matter,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:14-cv-01035-CAS(AJWx) | Date | August 11, 2014 |
| Title | A. H. V. PARAMOUNT UNIFIED SCHOOL DISTRICT, ET AL | | |

legislation enacted pursuant to the Spending Clause, while "much in the nature of a contract," see Nat'l Fed. of Independent Business v. Sebelius, 132 S. Ct. 2566, 2602 (2012), is not literally a contract, see Sossamon v. Texas, 131 S. Ct. 1651, 1661 (2011) ("[W]e have been clear 'not [to] imply . . . that suits under Spending Clause legislation are suits in contract, or that contract-law principles apply to all issues that they raise.'"). Moreover, "the typical remedy for state noncompliance with [conditions imposed on federal funds] is not a private cause of action for noncompliance but rather action by the Federal Government to terminate funds to the State." Pennhurst, 451 U.S. at 28. Accordingly, the Court finds that, even if plaintiff were given leave to file the amended contract claim, he cannot state a claim for breach of contract based on a violation of the NCLBA.

  Thus, as stated above, the Court concludes that plaintiff fails to state a federal claim. A district court may decline to exercise supplemental jurisdiction over a claim if: (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). The district court's decision whether to exercise supplement jurisdiction is informed by whether exercising jurisdiction over the pendent state claims comports with the value of economy, convenience, fairness, and comity. Exec. Software N. Am. V. U.S.D.C. Cent. Dist., 24 F.3d 1545, 1557 (9th Cir. 1994). Here, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims because the Court has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3).[4]

---

[4] The FAC does not allege that federal jurisdiction is present based on diversity of citizenship. See FAC ¶ 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:14-cv-01035-CAS(AJWx) | Date | August 11, 2014 |
| Title | A. H. V. PARAMOUNT UNIFIED SCHOOL DISTRICT, ET AL | | |

## IV. CONCLUSION

In accordance with the foregoing, the FAC's first claim for relief under 42 U.S.C. § 1983 is hereby DISMISSED without leave to amend. The Court DECLINES to exercise supplemental jurisdiction over plaintiff's state law claims.

IT IS SO ORDERED.

| | 00 | : | 04 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |